IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| BRENDA WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CIV-13-885-D |
| v. | ) | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security Administration, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff protectively filed her application for benefits on July 19, 2010, and alleged that she became disabled on January 15, 2010, due to right knee, right foot, lower back, and hearing impairments. (TR 133-136, 144, 155). In a hearing conducted on December 9, 2011, before Administrative Law Judge Liken ("ALJ") (TR 22-48), Plaintiff testified that she was

1

52 years old and she had previously worked for thirty years as an independent living instructor and recreation therapist for developmentally disabled adults. She described previous surgeries on her right knee, right foot, and back with pain and muscle spasms in her back, swelling and pain in her right knee, and pain in the heel and arch in her right foot if she stood or walked too long. She stated she took over-the counter pain medication, she could sit for 15 to 20 minutes, stand for 20 minutes, walk for 10 to 15 minutes, and could not squat, kneel, or crawl. Plaintiff testified she performed household chores, cooked meals, and shopped, although she needed brief rest periods, and she also helped her mother who lived in an assisted living center. A vocational expert ("VE") testified at the hearing.

The ALJ issued a decision on February 22, 2012. (TR 11-18). Following the agency's well-established sequential evaluation procedure, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since January 15, 2010. At step two, the ALJ found that she had severe impairments due to lumbar disc disease, right knee/foot pathology, hearing loss, and obesity. At step three, the ALJ found these impairments were not medically severe enough to meet or equal the requirements of a listed impairment. At step four, the ALJ found that despite her impairments Plaintiff had the residual functional capacity ("RFC") to perform a wide range of light work, including the ability to sit 6 hours in an 8 hour workday or stand/walk 6 hours in an 8 hour workday with a sit-stand option at 30 minute intervals and lift 20 pounds occasionally and 10 pounds frequently. Plaintiff could not climb, crouch, kneel, or crawl but she could occasionally perform other postural activities. She should avoid hazards such as fast moving machinery, open flames, sharp

objects, and unprotected heights, and she should avoid extreme cold, vibration, and excessive noise.

In light of these limitations and relying on the VE's testimony concerning the availability of jobs for an individual with these limitations, the ALJ found that Plaintiff could not perform her past relevant work. Reaching step five, and again relying on the VE's testimony, the ALJ found that Plaintiff could perform jobs available in the economy, including the jobs of cashier II, arcade attendant, and rental clerk. Based on these findings, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. § 404.981; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Standard of Review

In this case, judicial review of the final Commissioner's decision is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not

3

substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

III. RFC

Plaintiff first contends that the ALJ erred in analyzing the evidence with respect to her severe impairment due to obesity. The ALJ found at step two that Plaintiff's severe impairments included obesity as well as back, knee, foot, and hearing impairments.

Social Security Ruling ("SSR") 02-1p requires an ALJ to consider the effects of obesity when assessing a claimant's RFC and advises that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, "Titles II & XVI: Evaluation of Obesity," 2000 WL 628049, *1 (Sept. 12, 2002). An ALJ may "not make assumptions about the severity of functional effects of obesity combined with other impairments," but must "evaluate each case based on the information in the case record." Id. at *6.

In this case, Plaintiff did not allege in her application or at her hearing that obesity was a disabling or limiting impairment. The sparse medical evidence in the record does not contain any findings by treating or examining physicians that Plaintiff's obesity limited her ability to work or caused greater limitations than those related to her back and foot impairments. Plaintiff's treating neurosurgeon, Dr. Bisson, opined in June 2003 that as a result of Plaintiff's lumbar post-laminectomy syndrome she was permanently limited to pushing, pulling, lifting, or carrying no greater than 20 pounds, a limitation that the ALJ included in the RFC assessment. (TR 207).

4

Plaintiff's treating foot surgeon, Dr. Edmonds, opined in October 2009 that as a result of her plantar fasciitis and right foot surgery Plaintiff was permanently restricted from lifting over 50 pounds and being "up in an office or light labor setting for [not more than] 35 to 45 minutes per hour," and this latter limitation was also included in the ALJ's RFC assessment. (TR 208). Dr. Edmonds released Plaintiff to return to work on October 3, 2009, and noted that she could frequently walk, crawl, kneel, squat, climb, bend, stoop, or twist. (TR 210). A consultative physical examiner, Dr. Cooper, examined Plaintiff in December 2010 and noted that she exhibited normal gait, slightly decreased range of motion in her lumbosacral spine, and normal movement in the remainder of her joints and cervical and thoracic spines. (TR 246-253).

Plaintiff has not pointed to medical evidence demonstrating limitations due to obesity beyond those ascribed in the ALJ's RFC assessment. No error occurred with respect to the ALJ's analysis of the evidence concerning Plaintiff's obesity impairment.

Plaintiff next contends that the ALJ failed to adequately evaluate her hearing impairment. The record contains no medical evidence of a hearing impairment, and Dr. Cooper, the consultative examiner, noted that Plaintiff exhibited no hearing deficit with a conversational voice. (TR 247). Plaintiff, however, advised Dr. Cooper that she had a life-long hearing impairment and that a remote hearing test conducted in 1978 showed she had a 75% loss of hearing in her left ear and no loss in her right ear. (TR 246). The ALJ found that Plaintiff's impairments included hearing loss and that she should avoid working around excessive noise. The ALJ also noted in connection with the credibility finding that Plaintiff

did not demonstrate any hearing difficulty responding to questions during the administrative hearing. The agency's reviewing medical consultant noted in a physical RFC assessment that Plaintiff's hearing was "limited." (TR 259). The ALJ's decision reflects consideration of the evidence of a hearing impairment. The ALJ also assigned a work-related RFC limitation that was consistent with the evidence. Assuming the truth of Plaintiff's statement that her left-sided hearing impairment was a lifelong impairment, she worked for many years with the impairment, and there is no evidence that the impairment worsened over time. No error occurred in the ALJ's evaluation of the evidence of Plaintiff's hearing impairment.

IV. Credibility

Plaintiff contends that the ALJ erred in analyzing the credibility of her complaints of pain. The assessment of a claimant's RFC at step four generally requires the ALJ to "make a finding about the credibility of the [claimant's] statements about [her] symptom(s) and [their] functional effects." SSR 96-7p, 1996 WL 374186, at * 1 (1996). "Credibility determinations are peculiarly within the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). But an ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements" in determining a claimant's credibility. SSR 96-7p, 1996 WL 374186, at * 4 (1996). Credibility findings must, however, "be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002)(quotations and alteration omitted).

6

In addition to objective evidence, the ALJ should consider certain factors in evaluating a claimant's credibility, including the claimant's daily activities; the location, duration, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; any treatment other than medications the individual receives or has received for pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p, 1996 WL 374186, at * 3. See Hamlin v. Barnhart, 365 F.3d 1208, 1220 (10th Cir. 2004)(stating ALJs "should consider" factors set forth in SSR 96-7p). An ALJ is not, however, required to conduct a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Employing "common sense" as a guide, the ALJ's decision is sufficient if it "sets forth the specific evidence he [or she] relies on in evaluating the claimant's credibility." Id.; Keyes-Zachary v. Astrue, 695 F.3d 1156, 1167 (10th Cir. 2012).

In the ALJ's decision, the ALJ reviewed the relevant testimony and medical evidence and determined that Plaintiff's testimony was not entirely credible. The ALJ provided reasons for this credibility determination. The ALJ reasoned that Plaintiff

> was released to perform work within the parameters set out above prior to the alleged onset date and there is no evidence of additional and significant injury since then. The internal medical consultative examination is consistent with [the ALJ's] [RFC] finding; there is no evidence of treatment since the date

> of the consultative examination. Although the claimant suggested at the hearing that she could not afford treatment, it strains credulity that the claimant would not seek some kind of treatment with the symptoms she describes. She takes only non-prescription pain medications. The claimant asserted that she could sit maybe 15-20 minutes, yet she was able to sit during the entire 36-minute hearing without having to stand and her doctor never assigned sitting limitations. The claimant also did not demonstrate any significant difficulty responding to questions at the hearing despite her allegation of hearing loss. No physician has reported that the claimant is disabled or [limited] even less than light [work].

(TR 16).

In reaching the credibility determination, the ALJ considered several of the relevant factors recognized in SSR 96-7p, including Plaintiff's medications, limitations imposed by her treating physicians, the results of objective physical examinations, the ALJ's own subjective assessment of her physical and hearing abilities at the hearing, and the persistence with which she sought treatment for her allegedly disabling pain and limitations. Despite Plaintiff's assertion that she lacked the funds to undergo treatment for her allegedly disabling back, knee, and right foot pain, there is no evidence that she had sought treatment from a clinic servicing low-income patients. Moreover, she took only aspirin for pain, and she described engaging in a wide variety of activities in her written function report and during the hearing. Plaintiff's treating physicians opined that she was capable of performing work activities with limitations, and the ALJ's RFC finding included those limitations. The ALJ's credibility determination is well supported by the record and is adequately tied to substantial evidence in the record. The VE's testimony provided substantial evidence to support the

ALJ's step five decision, and therefore the Commissioner's final decision should be affirmed.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____October 20th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___September___, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE