# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-13-885-D |

## **O R D E R**

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability insurance benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Gary M. Purcell for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B).

On September 30, 2014, the Magistrate Judge filed a Report and Recommendation [Doc. No. 14] in which he recommended that the Commissioner's denial of Plaintiff's application for disability benefits be affirmed. Because Plaintiff timely objected to the Report and Recommendation [Doc. No. 15], the matter is reviewed *de novo. See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

The Administrative Law Judge (ALJ) followed the sequential analysis and found that Plaintiff had multiple severe impairments resulting from lumbar disc disease, right knee/foot pathology, hearing loss and obesity. The ALJ determined these impairments did not meet or equal any listed impairment and proceeded to determine Plaintiff's residual functional capacity (RFC). The ALJ determined Plaintiff had the RFC to perform a wide range of light work. Although Plaintiff could not perform her past relevant work as a nurse's aide, the ALJ concluded that Plaintiff could

perform other work including cashier, arcade attendant and rental clerk, and that those jobs exist in significant numbers in the national economy.

Plaintiff has challenged the ALJ's findings on three grounds. First, Plaintiff contends the ALJ did not properly analyze the evidence with respect to Plaintiff's severe impairment due to obesity. Second, Plaintiff contends the ALJ failed to adequately evaluate her hearing impairment. And finally, Plaintiff contends the ALJ erred in conducting his credibility analysis as to Plaintiff's subjective complaints of pain.

The Magistrate Judge carefully considered Plaintiff's challenges based on the evidence of record and governing law. The Magistrate Judge concluded that the ALJ did not err in his evaluation of the evidence as to either Plaintiff's obesity or her hearing impairment. Further, the Magistrate Judge concluded that the ALJ's credibility analysis is supported by substantial evidence.

Plaintiff's initial objection, raised in conclusory fashion, is that the Magistrate Judge has done "a significant amount of gap-filling" for the ALJ which constitutes impermissible *post hoc* justification for the ALJ's decision. But, with limited exception set forth below, Plaintiff cites no specific instance demonstrating what constitutes allegedly improper gap-filling by the Magistrate Judge and therefore, has not adequately preserved the issue for review. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court.").

In the remainder of her objection, Plaintiff presents the same arguments as those made in her opening brief. Plaintiff further takes issue with the Magistrate Judge's consideration of her challenge to the ALJ's RFC determination. Plaintiff contends the ALJ's findings are contrary to the

2

requirements of Social Security Ruling 02-1p. According to Plaintiff, because the ALJ determined obesity was a severe impairment at step two the ALJ erred in failing to consider the effects of obesity when assessing Plaintiff's RFC. Plaintiff contends that "[t]he regulations and SSR 02-1p require that [her] obesity be considered *regardless* of whether she associated any specific limitations to her obesity." *See* Plaintiff's Objection at p. 3 (emphasis in original). But as the Tenth Circuit Court of Appeals has noted, RFC considers only functional limitations and obesity is an impairment, not a functional limitation resulting from an impairment. *See Jimison ex rel. Sims v. Colvin*, 513 Fed. Appx. 789, 793 (10th Cir. 2013). And, Plaintiff points to no evidence demonstrating her obesity resulted in functional limitations beyond those set forth in the ALJ's RFC determination. *See id.* at 798 (rejecting virtually identical argument on grounds that the record contained no "indication of any functional limitations from [the plaintiff's] obesity or of any impairments possibly caused or exacerbated by her obesity that are inconsistent with the RFC" determined by the ALJ).

Plaintiff also takes issue with the ALJ's consideration of her hearing impairment. Plaintiff states the Magistrate Judge improperly dismissed this argument on grounds that the record contained no medical evidence of a hearing impairment. Plaintiff cites the finding of the agency's medical consultant in a physical RFC assessment that indicates Plaintiff's hearing is "limited." But the Magistrate Judge specifically addressed this evidence, finding that "[t]he ALJ's decision reflects consideration of the evidence of a hearing impairment." *See* Report and Recommendation at p. 6. In addition, Plaintiff takes issue with the Magistrate Judge's finding that "Williams worked for many years with her impairment," *see* Report and Recommendation at p. 6, contending this is a *post-hoc* rationale not advanced by the ALJ.

3

As the Magistrate Judge found, the ALJ addressed Plaintiff's hearing impairment and noted that Dr. Cooper observed "no hearing deficit to normal conversational voice." Tr. 14, 247. The ALJ also made findings with respect to Plaintiff's ability to hear during the administrative hearing. Tr. 16. As the Magistrate Judge further determined, the RFC includes a limitation that Plaintiff should avoid excessive noise. Contrary to Plaintiff's claim of error, the Magistrate Judge addressed the specific findings of the ALJ that support the RFC determination with respect to Plaintiff's hearing impairment. Plaintiff points to no medical evidence that contravenes those findings or demonstrates the RFC is not supported by substantial evidence. Thus, even if the ALJ did not address Plaintiff's long work history in spite of her hearing loss as noted by the Magistrate Judge, the ALJ's findings with respect to Plaintiff's hearing loss are fully supported by the record.

Finally, Plaintiff claims the Magistrate Judge did not adequately consider her argument challenging the ALJ's credibility analysis. Plaintiff reasserts the same errors as set forth in her opening brief and fails to identify any particular error committed by the Magistrate Judge, with one exception. Plaintiff states that the Magistrate Judge did not address the fact that a doctor's release dated October 2, 2009, was issued before her alleged disability onset date of January 15, 2010, when Plaintiff was still working. Plaintiff contends, therefore, that this document has no relevance. But in addressing the doctor's release, the ALJ found that the record contained "no evidence of additional and significant injury since then," *see* TR at 16. Thus, the ALJ considered the temporal relevance of the doctor's release. Moreover, Plaintiff points to no evidence to refute the ALJ's finding of no additional and significant injury since the date of the release. The Court further finds that even if Plaintiff's challenge to the ALJ's credibility analysis were considered in full, the Court

4

agrees with the findings of the Magistrate Judge and cannot add significantly to his discussion of the issues and the record evidence.

In sum, the Court concludes that Plaintiff has largely failed to preserve issues for *de novo* review by this Court. To the extent Plaintiff has made specific challenges to the Magistrate Judge's findings, the Court finds those challenges to be without merit for the reasons set forth herein. Moreover, the Court agrees with the analysis of the Magistrate Judge and the conclusions reached by him. Therefore, the Court adopts the Report and Recommendation in its entirety, as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 26th day of November, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE